UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | **Criminal No. 07-10048-WGY** |
| V. | ) ) ) |  |
| QUOC BOA TRINH, ET. AL. | ) ) |  |

### MOTION OF DEFENDANT JEREMY KATZ FOR STATUS HEARING

Defendant Jeremy Katz in the above-entitled matter moves that the Court schedule a status hearing at its earliest convenience. In support of this motion, the defendant states that the original indictment in this matter, which did not include or otherwise refer to the defendant, has been pending before this Court since on or about February 1, 2007. A Second Superceding Indictment has been pending before this Court since on or about December 13, 2007. On information and belief, the Second Superceding Indictment added defendant Katz; however, he was not arrested nor was he aware of the pendency of that indictment or his inclusion in that indictment. On June 4, 2008, the defendant was arrested, arraigned and released on conditions on a Third Superceding Indictment, which charges him and thirteen other individuals, in Count One with the offense of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §846. On or about July 2, 2008, the defendant received the government's automatic discovery disclosure pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of this Court.

In addition, the defendant was charged during approximately January of 2005, in the Woburn District Court, with the offense of trafficking in marijuana, conspiracy to violate the drug laws of the Commonwealth and possession with intent to distribute marijuana. The defendant was arraigned on the said charges on April 18, 2005 in the Middlesex County Superior Court. Numerous hearings were held in state court on the defendant's motion to suppress wiretap interceptions and on July 17, 2008, the Supreme Judicial Court issued a Judgment denying the Commonwealth's petition for interlocutory relief pursuant to G.L. ch. 211, §3, which had sought relief from the Superior Court's, Fishman, J., allowance of a "*Franks*" motion and related motions.

A preliminary review by the defendant and his counsel of the automatic discovery materials herein and the transcripts of the wiretap interceptions and other discovery furnished the defendant in the state case, indicates that the federal and the state case may be so interwound and otherwise related, that prosecution of this matter may be unlawful and constitutionally precluded. Given the voluminous discovery materials in both cases, the numerous issues arising from the instant prosecution and the need for further discovery in this matter, as well as, counsel's schedule and other trial and appellate commitments, has caused the defendant great concern as to the course of future proceedings herein. This is especially so in light of the presently scheduled trial date of November 3, 2008.

The defendant respectfully submits that a status conference is the most efficient way to address these issues.

    Respectfully submitted
By his attorney,


/s/ Bernard Grossberg
Bernard Grossberg
99 Summer Street
Suite 1800
Boston, MA 02110
(617) 737-8558
B.B.O. No. 212900


CERTIFICATE OF SERVICE

I, Bernard Grossberg, Esq., hereby certify that on August 11, 2008, I served a true copy of **Motion Of Defendant Jeremy Katz For Status Hearing** upon United States Attorney Richard Hoffman, by electronic filing same to all registered users to the Office of the United States Attorney, One Courthouse Way, Boston, MA  02210.

/s/ Bernard Grossberg
_____
Bernard Grossberg